**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LEONARD CROSBY,<br><br>Plaintiff,<br><br>v.<br><br>DETECTIVE BOBBY GOINES; JOHN DOES 1-5 AND ABC PUBLIC ENTITIES 1-5 (being fictitious names of as yet unidentified parties),<br><br>Defendants. | Civil Action No. 15-2472 (JLL) (JAD)<br><br>OPINION |

**JOSEPH A. DICKSON, U.S.M.J.**

This matter comes before the Court upon Plaintiff Leonard Crosby's ("Plaintiff") Motion for Leave to file an Amended Complaint. (ECF No. 11). Pursuant to Rule 78 of the Federal Rules of Civil Procedure, the Court did not hear oral argument on Plaintiff's application. Upon careful consideration of the parties' submissions, and for the reasons stated below, Plaintiff's Motion to Amend, (ECF No. 11), is **DENIED without prejudice.**

I. **BACKGROUND**[1]

Defendant Bobby Goines ("Defendant"), a detective in the township of Irvington, New Jersey, was assigned as the lead detective for a string of gas station robberies in May 2011. (Proposed Second Am. Compl., ECF No. 11-1, ¶¶ 4, 11). Over the following months, the gas

---

[1] The facts from this section are gleaned from Plaintiff's proposed Second Amended Complaint. (ECF No. 11-1).

1

station robberies persisted and spread to other municipalities. (Id. ¶ 15). After investigating the crimes, Defendant concluded that Plaintiff was the suspect and arrested him on June 30, 2011. (Id. ¶¶ 29, 30). Plaintiff remained incarcerated until December 9, 2011. (Id. ¶ 32).

On March 9, 2012, an Essex County Grand Jury indicted Plaintiff for various counts relating to the robberies. (Id. ¶ 33). On April 12, 2013, on a motion by the State, the indictment was subsequently dismissed with prejudice after the State "concluded it lacked any substantial proof that the Plaintiff committed these crimes due to the numerous misidentifications and varying descriptions of the alleged suspect as well as a DNA test proving Plaintiff's innocence." (Id. ¶ 35). Plaintiff initiated this suit on April 7, 2015 against Defendant and several fictitious Defendants alleging malicious prosecution under 24 U.S.C. § 1983 for violation of his Fourth, Fifth, and Fourteenth Amendment rights. (Compl., ECF No. 1).

Defendant responded on June 6, 2015, filing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), (ECF No. 3), which the Honorable Jose L. Linares, U.S.D.J. denied as moot after Plaintiff amended his Complaint within the twenty-one (21) day period allowed by Federal Rule of Civil Procedure 15(a)(1). (ECF No. 5). Defendant revived his motion to dismiss on July 9, 2015. (ECF No. 6). Plaintiff then requested leave to amend his pleading in lieu of filing a brief in opposition to Defendant's motion to dismiss. (ECF No. 7). Judge Linares granted Plaintiff's request, (ECF No. 9), and, accordingly, terminated Defendant's motion to dismiss without prejudice to the refiling thereof, pending the adjudication of Plaintiff's Motion to Amend. (ECF No. 13). Plaintiff filed the instant Motion to Amend on August 3, 2015, (ECF No. 11), which Defendant opposed on August 13, 2015. (ECF No. 14-1).

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 15(a) governs requests for leave to amend, allowing a party to amend its pleadings after obtaining the Court's leave or the written consent of its adversary. Under this liberal rule, the Court must "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); see also Wright & Miller section 1484, at 676 ("Subdivision (a)(2) encourages the court to look favorably on requests to amend."). This lenient standard ensures that "a particular claim will be decided on the merits rather than on technicalities." Dole v. Arco Chem. Co., 921 F.2d 484, 487 (3d Cir. 1990) (internal citation omitted); see also Sabatino v. Union Township, No., 2013 WL 1622306, at *6 (D.N.J. April 15, 2013) (internal citations omitted) (discussing that "if the underlying facts relied upon by a party might be a proper subject of relief, that party should have the opportunity to test its claims on the merits.").

The decision to grant or deny leave to amend under Rule 15(a) is "committed to the sound discretion of the district court." Arab African Int'l Bank v. Epstein, 10 F.3d 168, 174 (3d Cir. 1993). While courts have broad discretion to decide motions to amend, they must "heed Rule 15(a)'s mandate that amendments are to be granted freely in the interests of justice." Voilas et al. v. General Motors Corp., et al, 173 F.R.D. 389, 396 (D.N.J. 1997) (internal citations and quotations omitted). In the absence of unfair prejudice, futility of amendment, undue delay, bad faith, or dilatory motive, the court must grant a request for leave to amend. Grayson v. Mayview State Hosp., 292 F.3d 103, 108 (3d Cir. 2002); see also Arthur v. Maersk, Inc., 434 F.3d 196, 204 (3d Cir. 2006) (stating that generally, leave to amend should be granted "unless equitable considerations render it otherwise unjust.").

Here, Defendant challenges Plaintiff's proposed amendments on futility grounds. A proposed amendment "'is futile if the amended complaint would not survive a motion to dismiss.'"

3

County of Hudson v. Janiszewski, 351 F. App'x 662, 666 (3d Cir. 2009) (quoting Alvin v. Suzuki, 227 F.3d 107, 121 (3d Cir.2000)); In re NAHC, Inc. Sec. Litig., 306 F.3d 1314, 1332 (3d Cir. 2002) ("An amendment would be futile when 'the complaint, as amended, would fail to state a claim upon which relief could be granted.'") (internal citation omitted). Therefore, "[t]he futility analysis on a motion to amend is essentially the same as a Rule 12(b)(6) motion." Marjam Supply Co. v. Firestone Bldg. Prods. Co., LLC, No. 11–7119 (WJM), 2014 U.S. Dist. LEXIS 46572, at *9–10 (D.N.J. Apr. 4, 2014). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

The Court notes that Defendant bears the burden of establishing that Plaintiff's proposed amendments are futile, and that, "given the liberal standard applied to the amendment of pleadings," that burden is a "heavy" one. Pharmaceutical Sales & Consulting Corp. v. J.W.S. Delavau Co., 106 F. Supp. 2d 761, 764 (D.N.J. 2000); accord Marjam, 2014 U.S. Dist. LEXIS 46572, at *10. "Therefore, '[i]f a proposed amendment is not clearly futile, then denial of leave to amend is improper.'" Schiano v. MBNA, 05–1771, 2013 U.S. Dist. LEXIS 81440, at *45 (D.N.J. Feb. 11, 2013) (internal citations omitted).

### III. DISCUSSION

Plaintiff's proposed Second Amended Complaint does not seek to add any new claims or new parties. It merely adds facts to bolster Plaintiff's claim for malicious prosecution, a claim that existed in Plaintiff's original Complaint. Specifically, the additional facts appear to strengthen

Plaintiff's argument that Defendant lacked probable cause. For instance, five out of the nine added paragraphs allege that one of the robbery victims initially stated he would not be able to identify the suspect of the robbery, but almost two months later, the same victim identified Plaintiff as the suspect. (Proposed Second Am. Compl., ECF No. 11-1, ¶¶ 12-14, 27-28). Similarly, other facts that Plaintiff seeks to add exemplify the discrepancies between Defendant's perceived physical appearance of the suspect and Plaintiff's actual appearance. (Id. ¶¶ 19, 36). The proposed Second Amended Complaint further adds that a different victim of a robbery was unable to identify Plaintiff in a photo array of the suspects. (Id. ¶ 25). Stated simply, the proposed Second Amended Complaint only adds facts to support Plaintiff's preexisting claim for malicious prosecution.

In opposition, Defendant argues that Plaintiff's Motion should be dismissed on futility grounds "because even the new pleading would not make out a claim upon which relief could be granted." (Def. Opp., ECF No. 16, at 1). As a point of reference, a malicious prosecution claim under § 24 U.S.C. § 1983 requires each of the following elements:

> (1) the defendant initiated a criminal proceeding;
>
> (2) the criminal proceeding ended in his favor;
>
> (3) the defendant initiated the proceeding without probable cause;
>
> (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and
>
> (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

Johnson v. Knorr, 477 F.3d 75, 82 (3d Cir. 2007). Particularly, Defendant argues that Plaintiff "failed to demonstrate a lack of probable cause for his arrest" and that "dismissal of the case was based upon his innocence." (Def. Opp., ECF No. 16, at 1-2). This Court shall address each of these arguments in turn.

### a. **Defendant Plausibly Initiated Prosecution Without Probable Cause When Arresting Plaintiff**

Defendant contends that Plaintiff failed to demonstrate a lack of probable cause because "the victim identified plaintiff as the robber," (Def. Opp., ECF No. 16, at 1), and "the victim's identification of plaintiff was corroborated by plaintiff's having been near the scene of the most recent robbery, while sporting a beard, an identifying feature of the robber," (id., at 2), or "the fact [that] an indictment 'constitutes prima facie evidence of probable cause to prosecute.'" (Id.) (citing Rose v. Bartle, 871 F.2d 331, 353 (3d Cir. 1989).

Contrary to Defendant's argument, Plaintiff need not, at this stage, demonstrate any of the elements of malicious prosecution in order to amend his Complaint. As stated above, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its fact.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. 554). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Therefore, Plaintiff only needs to provide enough factual content in the proposed Second Amended Complaint to allow this Court to draw the reasonable inference that Defendant is liable for malicious prosecution. The facts advanced by Plaintiff are more than sufficient to satisfy the plausibility requirement.

Indeed, the facts added in the proposed Second Amended Complaint primarily bolster this argument. Specifically, the facts raise questions regarding the reliance of the Defendant on descriptions and conflicting identifications. While perhaps defensible, the claim Plaintiff makes is plausible, subject to the following.

In reviewing this Motion, the Court notes that Plaintiff's Amended Complaint contained the following allegation in paragraph 32: "[t]he exculpatory evidence includes, but is not limited to, descriptions, sketches, and video footage of a suspect that clearly does not resemble the Plaintiff

aside from race." (Am. Compl., ECF No. 4, ¶ 32). The Proposed Second Amended Complaint, however, omits this paragraph. The information contained therein, taken as true, <u>lends</u> plausibility to Plaintiff's claims regarding a lack of probable cause. The omission of this paragraph, inadvertent or otherwise, raises questions regarding the plausibility of Plaintiff's claims. The answers may be simple, or perhaps the omission of paragraph 32 was unintentional. In any event, the Court should not have to speculate. Accordingly, this Court is constrained to deny Plaintiff's Motion.

### b. The Criminal Proceeding was Dismissed in Plaintiff's Favor

Defendant also argues that "plaintiff fails to show that the dismissal of his case was based upon his innocence." (Def. Opp., ECF No. 11, at 2). To begin, the standard is not one of innocence, but rather "the criminal proceeding ended in [Plaintiff's] favor[.]" <u>Johnson</u>, 477 F.3d at 82. Also, contrary to Defendant's argument, Plaintiff, at this stage, need not <u>show</u> that dismissal was based upon his innocence. As stated above, Plaintiff's proposed Second Amended Complaint need only contain enough facts to allow this Court to draw a reasonable inference for a claim for malicious prosecution.

Plaintiff includes enough facts to allow this Court to plausibly infer that the criminal proceeding ended in his favor. Plaintiff alleges that the "indictment was dismissed with prejudice on a motion by the State" given the lack of "substantial proof". (Proposed Second Am. Compl., ECF No. 11-1, ¶ 35). Accepting these facts as true, this Court finds that Plaintiff has pled enough facts to satisfy the plausibility requirement on this issue.

IV.  **CONCLUSION**

Based on the foregoing, Plaintiff's Motion for Leave to File an Amended Complaint, (ECF No. 11), is **DENIED without prejudice** to the refiling thereof to account for the omission of paragraph 32.[2] An appropriate form of Order accompanies this Opinion.

_____ 10/30/15
JOSEPH A. DICKSON, U.S.M.J.

cc:   Hon. Jose L. Linares, U.S.D.J.

---

[2] This Court has considered allowing supplemental briefing on this issue. Such procedure, however, runs the risk of allowing a defective Complaint to go forward. Controlling precedent requires the Complaint itself to be plausible, not the briefing on the Complaint.