**BROOKE M. BARNETT & ASSOCIATES, P.C.**
Attorney I.D. 046782011
60 Park Place, Suite 1000
Newark, New Jersey 07102
T: (973) 693-4444
F: (973) 693-4441
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LEONARD CROSBY,<br><br>               Plaintiff,<br><br>vs.<br><br>DETECTIVE BOBBY GOINES; JOHN DOES 1-5 and ABC PUBLIC ENTITIES 1-5 (being fictitious names of as yet unidentified parties),<br><br>               Defendants. | CASE NO.: 2:15-cv-02472-JLL-JAD<br><br>**CIVIL ACTION**<br><br>**JURY TRIAL DEMANDED** |

### SECOND AMENDED COMPLAINT

Plaintiff, Leonard Crosby, by and through undersigned counsel, and files this Amended Complaint and sues the Defendant, and alleges as follows:

### JURISDICTIONAL STATEMENT AND PARTIES

1. This action is brought pursuant to 42 U.S.C. Sections 1983 and 1988 and the Fourth Fifth, and Fourteenth Amendments to the United States Constitution.

2. The Court has jurisdiction of this action under 42 U.S.C. Section 1983, 28 U.S.C. Section 1343, and 28 U.S.C. Section 1331 in that this is an action to redress violations of Plaintiff's federally protected Constitutional rights.

3. At all times material hereto, Plaintiff, Leonard Crosby, is and was a permanent legal resident of the United States, and a resident of Essex County, New Jersey.

4. Defendant Det. Bobby Goines ("Goines") was at all times relevant acting under color of state law as an active and duly appointed Township of Irvington police officer, and in such capacity, as the agent, servant, and employee of the Township of Irvington.

5. John Does 1-10, are fictitious names for persons unknown at this time but will be substituted when known as associated, affiliated or liable hereunder for the reasons set forth below or inferred therefrom. Each of these parties is incorporated as a defendant in each and every count listed below. John Does are supervisors, employees, managers, agents, assigns and heirs of the Township of Irvington, and or other individuals unnamed who contributed in any way to the Plaintiff's claims of false imprisonment and malicious prosecution.

6. ABC Public Entities 1-10, are fictitious names for entities unknown at this time but will be substituted when known as associated, affiliated or liable hereunder for the reasons set forth below or inferred therefrom. Each of these parties is incorporated as a defendant in each and every count listed below. ABC Public Entities are public entities whose custom, policy or practice contributed to the excessive force used against the Plaintiff.

7. All defendants are sued in their individual and official capacity.

8. The acts and practices constituting the violations alleged below have all occurred within the Township of Irvington, which is properly within the jurisdiction of the United States District Court in and for the District of New Jersey. Venue in the District of New Jersey, Newark Division, is proper because the incident which is the subject of this lawsuit occurred in Essex County, New Jersey. See 28 U.S.C. § 1391(b)(1) and § 1391(b)(2).

9. Plaintiff has retained Law Offices of Brooke M. Barnett & Associates, P.C. to represent his interests in prosecuting this action, and said law firm is entitled to its reasonable attorneys' fees and costs incurred in connection therewith.

## STATEMENT OF FACTS

10. At all times material hereto, the subject incident arises out of Defendant's deliberate indifference in maliciously prosecuting the Plaintiff.

11. In or around May, 2011, the Defendant was assigned the lead detective tasked to begin investigating several gas station robberies in the Township of Irvington.

12. On May 9, 2011, an individual robbed the RPM gas station located in Irvington, New Jersey.

13. On said date, the victim, SP Singh, advised the Defendant that he would not be able to identify the suspect if he saw him again as stated in the transcript of this conversation.

14. Despite this fact, the Defendant wrote in his Supplemental Investigation report that the aforementioned victim would be able to identify the suspect at a later date.

15. During the ensuing months, the alleged suspect of the Irvington robberies was sought to have robbed numerous other gas stations across several municipalities.

16. Throughout his investigation, the Defendant was in constant communication with the lead investigators of the other municipalities as well as exchanging evidence.

17. On June 29, 2011, the Defendant responded to the Delta Gas Station located at 465 Coit Street, Hillside, New Jersey on a robbery incident.

18. At said time, the Defendant viewed video surveillance of the suspect committing the robbery while utilizing a silver Audi. The suspect depicted in the video was described by Irvington

detectives as a black male with a beard, 25-30 years of age, with a lot of hair weighing 230 lbs.

19. Moments later, the Defendant was advised by Hillside police department that an individual utilizing a silver Audi had just robbed another gas station in Hillside. This individual was described as having a "reddish beard."

20. Shortly thereafter, the Defendant received a transmission that the aforementioned Audi was found at 33 Berkshire Place and that the suspect was fleeing on foot.

21. Upon arriving at said location, a K-9 unit began tracking a scent from the seats inside of the vehicle.

22. The K-9 eventually lost the scent after making a right onto Coit Street in Irvington, New Jersey.

23. The on-scene officers then asked a passer-by if he knew of a "person with a full beard" to which he replied yes and pointed to Plaintiff's residence nearly two (2) blocks from where the K-9 had lost the scent.

24. These officers then confirmed that the Plaintiff, who is black with a black beard, did live at the residence.

25. Later that night, Irvington police officers brought one of the gas station robbery victims into police headquarters to perform a photo array which included the Plaintiff's photo. This victim did not identify the Plaintiff as the suspect.

26. On June 30, 2011, the Defendant issued an Intelligence Report regarding the Plaintiff which detailed his weight at 155 lbs.

27. Later that day, SP Singh identified the Plaintiff in a photo array.

28. On the department Photo Display Report, there is no indication as to how long the

victim viewed the photos prior to selecting the Plaintiff or his confidence level in selecting same.

29. On or about June 30, 2011, the Defendant signed an arrest warrant for the Plaintiff.

30. The Plaintiff was arrested several hours later pursuant to said warrant.

31. The Defendant then proceeded to advised all other municipalities that he arrested the Plaintiff as the suspect, which resulted in all other municipalities issuing arrest warrants.

32. From June 30, 2011 until December 9, 2011, the Plaintiff was incarcerated at both the Union County and Essex County Correctional Facilities based on the charges stemming from the Defendant's arrest warrant.

33. On March 9, 2012, the Plaintiff was indicted by an Essex County Grand Jury on two (2) counts of First Degree Robbery, two (2) counts of Second Degree Possession of a Weapon for Unlawful Purpose and two (2) counts of Second Degree Unlawful Possession of a Weapon.

34. The Defendant, having been the lead detective, was the sole witness for the State at the Grand Jury proceedings.

35. On April 12, 2013, the above referenced indictment was dismissed with prejudice on a motion by the State after concluding it lacked any substantial proof that the Plaintiff committed these crimes due to the numerous misidentifications and varying descriptions of the alleged suspect as well as a DNA test proving the Plaintiff's innocence.

### COUNT I – 42 U.S.C. § 1983 – MALICIOUS PROSECUTION

36. Plaintiff, Leonard Crosby, re-alleges and re-avers each and every allegation set forth in Paragraphs 1 through 35 as if set forth fully herein, and further states as follows:

37. Defendant Goines, at all times relevant hereto, was acting under the color of state law in this capacity as a police officer and his acts or omissions was conducted within the scope of his

official duties and/or employment.

38. At the time of the complained of events, Plaintiff had the clearly established constitutional right to be free from malicious prosecution without probable cause under the Fourth Amendment and in violation of due process under the Fourteenth Amendment.

39. Any reasonable police officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

40. The Defendant violated Plaintiff's Fourth and Fourteenth Amendment rights to be free from malicious prosecution without probable cause and without due process in furthering the criminal charges against the Plaintiff despite the overwhelming exculpatory evidence produced in the case.

41. The exculpatory evidence, which is described at length above, includes, but is not limited to, descriptions, sketches, and video footage of a suspect that clearly does not resemble the Plaintiff aside from race as well as misidentifications.

42. The exculpatory evidence clearly would not allow a reasonable officer under the same circumstances to conclude the Plaintiff committed the within crimes.

43. The Defendant conspired and/or acted in concert to institute, procure and continue a criminal proceeding without probable cause as described above.

44. Defendant engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of Plaintiff's federally protected constitutional rights.

45. The procurement of prosecution against Plaintiff under known false allegations was malicious, shocking, and objectively unreasonable in the light of the circumstances.

46. Those criminal proceedings terminated in Plaintiff's favor as the indictment was

dismissed by the State based on his innocence.

47. The acts or omissions of the Defendant were moving forces behind Plaintiff's injuries.

48. The acts or omissions of Defendant as described herein intentionally deprived Plaintiff of his constitutional and statutory rights and caused him other damages.

49. Defendant is not entitled to qualified immunity for the complained of conduct.

50. The Defendant to this claim at all times relevant hereto were acting pursuant to municipal/county custom, policy, decision, ordinance, regulation, widespread habit, usage, or practice in its actions pertaining to Plaintiff.

51. As a proximate result of Defendants' unlawful conduct, Plaintiff was terminated from his job with the State of New Jersey.

WHEREFORE, Plaintiff demands the following relief against Defendant:

   a. An award of compensatory damages;

   b. An award of punitive damages;

   c. An award of attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and

   d. An award of such other and further relief the Court deems just and appropriate.

### JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues

BROOKE M. BARNETT & ASSOCIATES, P.C.
Attorneys for Plaintiff

JARED J. MAZZEI, ESQ.

Dated: November 20, 2015