UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LEONARD CROSBY,<br><br>        Plaintiff,<br><br>v.<br><br>DETECTIVE BOBBY GOINES,<br><br>        Defendants. | Civil Action No.: 15-2472 (JLL)<br><br>**OPINION** |

**LINARES**, Chief District Judge.

This matter comes before the Court by way of Defendant Detective Bobby Goines' Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56 and Local Federal Rule of Civil Procedure 56.1. (ECF No. 55). Plaintiff Leonard Crosby has submitted Opposition to Defendant's Motion (ECF No. 59), which Defendant has replied to. (ECF No. 60). The Court decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court grants Defendant's Motion for Summary Judgment.

I. **BACKGROUND**[1]

Plaintiff was and remains a resident of Essex County, New Jersey, and Defendant was an Irvington township police officer but has since retired. (Def. SMF ¶¶ 1-2). In May 2011, there was a series of gas station robberies in Irvington, "including two armed robberies of the R.P.M. gas station." (Def. SMF ¶ 3). Defendant was the lead detective assigned to investigate said robberies. (Id.). Four arrest-complaints for Plaintiff were issued based on Defendant's investigation. (Id.).

Non-party Singh was the attendant at R.P.M. during both of the aforementioned robberies. (Def. SMF ¶ 4). Initially, Singh told Defendant "that he believed he would be able to identify the

---

[1] These background facts are taken from the parties' statements of material facts, pursuant to Local Civil Rule 56.1. (ECF No. 55-4, Defendant's Rule 56.1 Statement of Undisputed Material Facts ("Def. SMF"); ECF No. 59 at 7-13, Plaintiff's Rule 56.1 Statement of Undisputed Material Facts ("Pl. SMF"); ECF No. 60 at 2-7, Defendant's Responses to Plaintiff's Statement of Undisputed Material Facts ("Def. Opp. SMF"); and ECF No. 62, Plaintiff's Responses to Defendant's Statement of Undisputed Material Facts ("Pl. Opp. SMF")). To the extent that Plaintiff admits to any Undisputed Material Facts as stated by Defendant, the Court will cite only to "Def. SMF" and the relevant paragraph number. The Court will "disregard all factual and legal arguments, opinions and any other portions of the 56.1 Statement which extend beyond statements of facts." *Globespanvirata, Inc. v. Tex. Instrument, Inc.*, 2005 U.S. Dist. LEXIS 27820, at *10 (D.N.J. Nov. 10, 2005); *see also* L. Civ. R. 56.1 ("Each statement of material facts ... shall not contain legal argument or conclusions of law."). The Court further notes that both parties have failed to comply with L. Civ. P. 56.1. That Rule requires a separate submission for each set of Statements of Material Facts, and responses thereto. Neither party complied with same. Moreover, Plaintiff completely omitted a response to Defendant's initial Statement of Undisputed Material Facts, which prompted this Court to issue a text Order requiring Plaintiff to submit same. (ECF No. 61). Plaintiff finally submitted said responses on June 4, 2018, which was fourteen days after this current application was returnable and twenty-eight days from when said responses were due – *i.e.*, May 21, 2018 and May 7, respectively. (ECF No. 58) (Magistrate Judge Joseph A. Dickson's text Order adjourning this Motion for Summary Judgment to May 21, 2018). Finally, Plaintiff's brief does not comport with L. Civ. P. 7.2(d). That Rule requires that all briefs shall be written "in 12-point non-proportional font (such as Courier New 12) or an equivalent 14-point proportional font (such as Times New Roman 14)." L. Civ. P. 7.2(d). Additionally, all briefs must be "double-spaced." *Id.* Here, Plaintiff's brief is clearly non-compliant as the font size and the line spacing do not comport with L. Civ. P. 7.2(d). Going forward, the parties are advised to consult the Local Rules before making any submissions. The Court may disregard non-compliant filings in the future. *See United States v. Eleven Vehicles, Their Equipment & Accessories*, 200 F.3d 203, 214 (3d Cir. 2000) ("Local court rules play a significant role in the district courts' efforts to manage themselves and their dockets .... it is not an abuse of discretion for a district court to impose a harsh result, such as dismissing a motion or an appeal, when a litigant fails to *strictly comply* with the terms of a local rule") (emphasis added); *see also Doeblers' Pa. Hybrids, Inc. v. Doebler*, 442 F.3d 812, 820 n. 8 (3d Cir. 2006) ("As noted by the Seventh Circuit, 'Judges are not like pigs, hunting for truffles buried in the record.'") (citations and internal quotation marks omitted).

2

robber if he saw him again."[2] (Def. SMF ¶ 5). A later writing seems to indicate that Singh told police he would not be able to identify the robber. (Id.). "In an attempt to identify the suspect, [Defendant] showed photographs of possible suspects to [] Singh." (Def. SMF ¶ 6). "After viewing the numerous [random] photographs, [] Singh said he did not see the robber in any of the photos." (Id.). This array of photos did not include Plaintiff. (Id.).

Later, Singh worked with a New Jersey State Police sketch artist so that a sketch resembling the suspect could be rendered. (Def. SMF ¶ 7). Said "sketch listed the suspect's height as 5'7" to 5'8", his weight as 200 to 225 pounds and his age as 40 to 45." (Id). Thereafter, Plaintiff "came to [Defendant's] attention as matching the description of the robber and his identifiers and photo were obtained by police."[3] (Def. SMF ¶ 15). The identification of Plaintiff as a potential suspect was also based off of Defendant's review of a surveillance video from the R.P.M. gas station. (Def. SMF ¶ 18).

On June 30, 2011, Singh was shown another six-photo array, which included Plaintiff's picture. (Def. SMF ¶ 8). At that time, Singh identified Plaintiff as the person who robbed him.[4] (Id). On February 24, 2012, Defendant testified before an Essex County grand jury, which indicted Plaintiff in a six-count indictment. (Def. SMF ¶ 9). The indictment was based solely on Defendant's testimony. (Id). Specifically, Defendant testified that, "[o]n May 9, 2011, the date

---

[2] Plaintiff "disagrees" with the assertion contained in this paragraph, but fails to point to any *relevant* evidence to dispute this statement. As such, the Court deems the statement contained in Def. SMF ¶ 5 admitted. *See* L. Civ. R. 56.1(a)("The opponent of summary judgment shall furnish, with its opposition papers, a responsive statement of material facts, addressing each paragraph of the movant's statement, indicating agreement or disagreement and, if not agreed, stating each material fact in dispute and citing to the affidavits and other documents submitted in connection with the motion; *any material fact not disputed shall be deemed undisputed for purposes of the summary judgment motion.*") (emphasis added).

[3] The Court deems this paragraph admitted for the reasons set forth in n. 2, *supra*

[4] The Court deems this paragraph admitted for the reasons set forth in n. 2, *supra*. Additionally, Plaintiff attempts to dispute this statement by stating he "disagrees that a sole signature on the back of a photo is conclusive evidence that Singh identified" Plaintiff as the suspect. Plaintiff offers no basis for this assertion.

3

of the first armed robbery of the R.P.M. gas station, [Defendant] took a statement from ... Singh."[5] (Def. SMF ¶ 12). At that time, Singh explained he could identify the person who robbed him if he later saw him.[6] (Id).

Defendant also testified that Singh was once again robbed at gunpoint, on May 19, 2011. (Def. SMF ¶ 13). Singh explained to the investigating officers that the man who robbed him on May 19th was the same person who had previously robbed him ten days earlier. (Id.). Furthermore, Defendant testified before the grand jury that Singh had worked with a sketch artist to assist in the production of a sketch that resembled the person who robbed him on two separate occasions.[7] (Def. SMF ¶ 14). Defendant explained that the sketch depicted a man with a full beard and listed the suspect as having a height between 5'7" to 5'8" and weighing between 200 to 230 pounds. (Id.). Hence, based on Defendant's grand jury testimony, the aforementioned indictment issued and Plaintiff was arrested pursuant to same. (Def. SMF ¶ 17).

On April 3, 2013, the Essex County Prosecutor's Office filed a written motion to dismiss the indictment against Plaintiff. (Def. SMF ¶ 10). The basis for the motion was the fact that the Prosecutor's Office could not secure the victim, specifically Singh, for trial.[8] (Id). Based on the aforementioned motion, the Court dismissed the indictment against Plaintiff. (Def. SMF ¶ 13). Against this backdrop, Plaintiff instituted this action asserting a single claim of malicious prosecution in violation of 42 U.S.C. § 1983. (ECF No. 4).

## II. <u>LEGAL STANDARD</u>

---

[5] The Court deems this paragraph admitted for the reasons set forth in n. 2, *supra*.
[6] The Court deems this paragraph admitted for the reasons set forth in n. 2, *supra*.
[7] The Court deems this paragraph admitted for the reasons set forth in n. 2, *supra*.
[8] The Court deems this paragraph admitted for the reasons set forth in n. 2, *supra*.

Summary judgment is appropriate when, drawing all reasonable inferences in the non-movant's favor, there exists no "genuine dispute as to any material fact" and the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). "[T]he moving party must show that the non-moving party has failed to establish one or more essential elements of its case on which the non-moving party has the burden of proof at trial." *McCabe v. Ernst & Young, LLP*, 494 F.3d 418, 424 (3d Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).

The Court must consider all facts and their reasonable inferences in the light most favorable to the non-moving party. *See Pa. Coal Ass'n v. Babbitt*, 63 F.3d 231, 236 (3d Cir. 1995). If a reasonable juror could return a verdict for the non-moving party regarding material disputed factual issues, summary judgment is not appropriate. *See Anderson*, 477 U.S. at 242-43 ("At the summary judgment stage, the trial judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.").

### III. ANALYSIS

In order to state a claim for malicious prosecution, a plaintiff must establish: "(1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in Plaintiff's favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." *Johnson v. Knorr*, 477 F.3d 75, 81-82 (3d Cir. 2007). The Court finds that, after a thorough review of the record, Plaintiff's claim cannot stand. While it is true that Plaintiff can

satisfy the first and second elements of the above standard, his claim fails as a matter of law at the third prong.

The Third Circuit has long held that "a grand jury indictment or presentment constitute[s] *prima facie* evidence of probable cause to prosecute." *Rose v. Bartle*, 871 F.2d 331, 353 (3d Cir. 1989). This presumption is rebuttable by showing evidence that the indictment "*was procured by fraud, perjury or other corrupt means.*" *Id.* (emphasis added). Plaintiff attempts to rebut this presumption of probable cause by arguing that Defendant failed to include certain evidence that Plaintiff believes was exculpatory. (ECF No. 59 at 19-24). In making this assertion Plaintiff points to *Sherwood v. Mulvill*, 113 F.3d 396, 399 (3d Cir. 1997).

According to *Sherwood*, a plaintiff must show, "by a preponderance of the evidence, (1) that the affiant knowingly and deliberately, or with reckless disregard for the truth, *made false statements or omissions that create a falsehood* in applying for a warrant; and (2) that such statements or omissions *are material, or necessary*, to the finding of probable cause." *Sherwood*, 113 F.3d at 399 (citing *Franks v. Delaware*, 438 U.S. 154, 171-72) (additional citations omitted) (emphasis added). There is nothing in the record before this Court that shows that Defendant made any *false* statements or *material* omissions during his grand jury testimony.

Moreover, Plaintiff fails to point to any *material* omissions to negate the probable cause's presumption of validity. The fact that Singh identified Plaintiff more than a month after the second robbery and was not accompanied by an interpreter during said identification does not rise to the level of material exculpatory information omitted from Defendant's grand jury testimony. Neither Plaintiff, nor this Court through its own research, have found any authority to support this premise.

Accordingly, the probable cause underlying Plaintiff's indictment and arrest remains presumptively valid. As such, Plaintiff cannot show that Defendant initiated the criminal proceedings against Plaintiff without probable cause. Since the record contains no evidence to support the contention that Defendant initiated the proceedings without probable cause Plaintiff cannot prove a claim for malicious prosecution, as he will never be able to satisfy the third prong of the above standard. Hence, Defendant is entitled to judgment in his favor as a matter of law.

Moreover, even if Plaintiff were able to meet all the above elements to assert a claim for malicious prosecution, which he cannot, Defendant would not be subject to liability as he is entitled to qualified immunity. Qualified immunity shields government officials "from liability for civil damages insofar as their conduct does not violate clearly established . . . constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). This defense protects all officers "but the plainly incompetent ones or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). The doctrine "balances the interest in allowing public officials to perform their discretionary functions without fear of suit against the public's interest in vindicating important federal rights." *Ryan v. Burlington Cty.*, 889 F.2d 1286, 1292 (3d Cir. 1989).

A court considering a qualified immunity defense should consider two questions. *See Saucier v. Katz*, 533 U.S. 194 (2001). Specifically, courts should ask (1) whether "the officer's conduct violated a constitutional right" and (2) "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id.* at 201-02. If an officer could have reasonably believed that his actions were lawful given the circumstances, the officer will be entitled to qualified immunity. *Ryan*, 889 F.2d at 1292. The doctrine of "[q]ualified immunity

shields an officer from suit when she makes a decision that, even if constitutionally deficient, reasonably misapprehends the law governing the circumstances she confronted." *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004).

The record before the Court indicates that Defendant is in fact entitled to qualified immunity. This is because there are no facts that show Defendant acted unreasonably under the circumstances. Defendant began his investigation by interviewing the victim and reviewing surveillance footage. (Def. SMF ¶¶ 5-6, 18). Singh later gave a description to the New Jersey State Police to assist in rendering a sketch of the robbery suspect. (Def. SMF ¶ 7). Based on this description and Defendant's review of the surveillance video, Defendant presented Singh with a photo array that included Plaintiff's picture. (Def. SMF ¶ 8). Singh, the victim of, and eyewitness to, the crime, identified Plaintiff as the man who robbed him and signed the back of Plaintiff's photograph. (Id.). Based on this information, Defendant believed Plaintiff was the person who committed the robberies and testified to that effect before the grand jury. (Def. SMF ¶ 9).

A reasonable jury could find that Defendant acted reasonably under the circumstances. He gathered the pertinent facts and presented them to the grand jury, who, based on Defendant's testimony, returned an indictment for Plaintiff. Plaintiff does not point to any false statements that Defendant allegedly made before the grand jury. Moreover, Plaintiff does not assert that Defendant obtained the indictment by way of fraud or deceit. The mere fact that the indictment was dismissed is not in and of itself proof of malicious prosecution, as that is only one of *five* elements Plaintiff must prove. Additionally, dismissal of the indictment is not proof that the probable cause was lacking or procured by some unreasonable manner. Hence, Defendant acted as a reasonable detective would under the circumstances and is therefore entitled to qualified

immunity. Because Defendant is entitled to qualified immunity he is shielded from any potential liability and the Court must issue summary judgment in his favor.

## IV. **CONCLUSION**

For the aforementioned reasons, Defendant's Motion for Summary Judgment is granted. An appropriate Order accompanies this Opinion.

DATED: June 27, 2018

JOSE L. LINARES
Chief Judge, United States District Court