NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LEONARD CROSBY,<br><br>　　　　Plaintiff,<br><br>v.<br><br>DETECTIVE BOBBY GOINES,<br><br>　　　　Defendant. | Civil Action No.: 15-2472 (JLL)<br><br>**OPINION** |

**LINARES**, Chief District Judge.

This matter comes before the Court by way of Plaintiff Leonard Crosby's Motion for Reconsideration of the Court's June 21, 2018 Opinion and Order granting Defendant Detective Bobby Goines' Motion for Summary Judgment. (ECF No. 67). Defendant submitted Opposition, (ECF No. 68), but Plaintiff did not file a reply in the time provided by the Federal Rules of Civil Procedure and the Local Civil Rules, (*see* Docket Sheet). The Court has considered the parties' submissions and decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the following reasons, the Court denies Plaintiff's motion.

## I.　　BACKGROUND

The Court sets forth only those facts necessary for the current motion, as a more thorough examination of the facts was provided in the Court's June 21, 2018 Opinion. (*See* ECF No. 65 at 2–4). Plaintiff was arrested in connection with a string of gas station armed robberies that transpired in May of 2011, including two incidents that occurred at the R.P.M gas station in Irvington, New Jersey. (*See generally* ECF No. 4). Plaintiff's arrest and indictment was based solely on the testimony Defendant provided to the grand jury. (ECF No. 55-4 ¶ 9). In his

testimony, Defendant explained that he took a statement from the gas station attendant, Singh, at the time of the first R.P.M. robbery. (ECF No. 55-4 ¶ 12). Singh told Defendant that he would be able to identify the robber if he saw the robber again. (*Id.*). "A later writing seems to indicate that Singh told police he would not be able to identify the robber." (ECF No. 65 at 3). Defendant also testified that Singh was robbed by the same person ten days later, and that Singh had worked with a sketch artist to assist in identifying the robber. (ECF No. 55-4 ¶¶ 13–14). The sketch matched Plaintiff's description, *i.e.*, "a man with a full beard . . . having a height between 5'7" to 5'8" and weighing between 200 to 230 pounds." (ECF No. 65 at 4). According to Defendant, Singh then picked Plaintiff out of a six-photo array as the man who robbed him on both occasions. (ECF No. 55-4 ¶ 8).

After the grand jury heard this testimony, the aforementioned indictment was issued for Plaintiff in connection with the two R.P.M gas station armed robberies. (*Id.* ¶ 9). However, the Essex County Prosecutor's Office later dismissed the indictment against Plaintiff, because Singh could not be located to testify at trial. (*Id.* ¶ 10). Plaintiff subsequently filed this case on April 7, 2015, alleging a single cause of action for malicious prosecution. (ECF No. 1; *see also* ECF No. 25 (amended complaint)). On March 28, 2018, Defendant moved for summary judgment. (ECF Nos. 55).

On June 21, 2018 the Court granted Defendant's Motion for Summary Judgment after finding that Plaintiff cannot show Defendant initiated proceedings without probable cause as a matter of law. (ECF No. 65 at 6). The Court explained in its June 21, 2018 Opinion that there is no evidence "in the record before this Court that shows that Defendant made any *false* statements or *material* omissions during his grand jury testimony." (*Id.*). Specifically, the Court stated that "[t]he fact that Singh identified Plaintiff more than a month after the second robbery and was not

accompanied by an interpreter during said identification does not rise to the level of material exculpatory information omitted from Defendant's grand jury testimony." (*Id.*). Based on this reasoning, the Court concluded that the probable cause underlying Plaintiff's arrest remained "presumptively valid." (*Id.* at 7). Moreover, the Court stated in its June 21, 2018 Opinion that, even if Plaintiff could show a claim of malicious prosecution, Defendant would nevertheless be entitled to qualified immunity, in part because it was reasonable for an officer to gather pertinent facts and present them to the grand jury, and Defendant did not make any false statements to the grand jury. (*Id.* at 8). Accordingly, the Court granted Defendant's Motion for Summary Judgment. (*Id.* at 9). Plaintiff now moves for reconsideration. (ECF No. 67).

## II. **LEGAL STANDARD**

Local Civil Rule 7.1(i) governs motions for reconsideration in this District. It requires a movant to set forth "the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." L.Civ.R. 7.1(i). To prevail on a motion for reconsideration, the movant must show at least one of the following: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct [a] clear error of law or prevent manifest injustice." *Durst v. Durst*, 663 F. App'x 231, 237 (3d Cir. 2016) (quoting *Wiest v. Lynch*, 710 F.3d 121, 128 (3d Cir. 2013)).

The third prong requires "dispositive factual matters or controlling decisions of law" that were "brought to the court's attention but not considered." *Mason v. Sebelius*, Civil No. 11-2370, 2012 U.S. Dist. LEXIS 106522, at *5 (D.N.J. July 31, 2012) (quoting *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 353 (D.N.J. 2001)). A motion for reconsideration cannot be used merely to relitigate old matters or to present evidence that was already available to the Court during its initial consideration. *NL Indus., Inc. v. Commercial Union Ins. Co.*, 935 F.

3

Supp. 513, 516 (D.N.J. 1996) (citing Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2810.1). Furthermore, "[t]he fact that an issue was not explicitly mentioned by the court does not on its own entail that the court overlooked the matter in its initial consideration." *Morton v. Fauver*, Civil No. 97-5127, 2011 U.S. Dist. LEXIS 85805, at *19 (D.N.J. July 21, 2011) (citing *Ashton v. AT&T Corp.*, Civil No. 03-3158, 2006 U.S. Dist. LEXIS 4787, at *4–5 (D.N.J. Feb. 2, 2006)).

In other words, reconsideration is not warranted where "(1) the movant simply repeats the cases and arguments previously analyzed by the court; or (2) the movant has filed the motion merely to disagree with or relitigate the court's initial decision." *CPS MedManagement LLC v. Bergen Reg'l Med. Ctr., L.P.*, 940 F. Supp. 2d 141, 167–68 (D.N.J. 2013) (internal citations and quotations omitted). A motion for reconsideration is generally futile "[u]nless a court has truly failed to consider pertinent authorities or evidence that could not with reasonable diligence have been presented earlier." *Id.* at 168.

### III. ANALYSIS

Plaintiff does not argue that there was any intervening change in law or new evidence. (*See* ECF No. 67-1). Rather, Plaintiff claims that the Court overlooked "dispositive factual matters pertaining to the finding of probable cause that exist in the reconstructed affidavit [of Defendant]." (*Id.* at 10). Specifically, Plaintiff claims that the Court did not consider that Defendant oversold to the jury how confident his sole witness—Singh—was that he could identify the robber, as Defendant did not inform the grand jury that Singh supposedly indicated on one occasion that he would not be able to identify the robber. (*Id.* at 10–13). Plaintiff further argues that the Court overlooked Defendant's omission in his grand jury testimony that his investigation into Plaintiff as a potential suspect was based on more than just Singh's sketch. (*Id.* at 14). Rather, Plaintiff

4

claims that Defendant only suspected Plaintiff after "a K-9 sniff trail was lost" in connection with a separate but similar robbery and Defendant was directed by witnesses to Plaintiff's location. (*Id.*). Finally, Plaintiff contends that, based on the supposed omissions in the Court's June 21, 2018 Opinion, there is also a material dispute of fact as to whether Defendant is entitled to qualified immunity. (*Id.* at 15).

Contrary to Plaintiff's arguments, the June 21, 2018 Opinion specifically analyzed any alleged omissions made by Defendant in his grand jury testimony. In its June 21, 2018 Opinion, the Court included the fact that "[a] later writing seems to indicate that Singh told police he would not be able to identify the robber." (ECF No. 65 at 3). The Court also stated in its June 21, 2018 Opinion that the sketch provided by Singh was *one* of the factors that led Defendant to investigate Plaintiff as a potential suspect. (*See id.*). The Court referenced other evidence Defendant relied on in identifying Plaintiff, such as "Defendant's review of a surveillance video from the R.P.M. gas station." (*Id.*). The Court explained in its June 21, 2018 Opinion that any details in the record that Defendant may have omitted from his grand jury testimony "[did] not rise to the level of *material* exculpatory information." (*Id.* at 6 (emphasis added)). Based on this analysis, the Court found that "Plaintiff cannot show that Defendant initiated the criminal proceedings against Plaintiff without probable cause." (*Id.* at 7).[1]

As shown above, the Court did not overlook any of Plaintiff's arguments in its June 21, 2018 Opinion. In fact, the arguments and evidence relied on by Plaintiff were previously available to, and considered by, the Court, as Plaintiff initially raised same in his opposition to Defendant's Motion for Summary Judgment. (*See* ECF No. 59 at 16–18, 22–23, 30). To the extent the Court

---

[1] The Court also rejects Plaintiff's final argument regarding qualified immunity. (ECF No. 67-1 at 15). The Court agrees with Defendant that said argument does not raise an independent ground for reconsideration separate from Plaintiff's other contentions, (ECF No. 68 at 5–6), which the Court has already rejected.

did not specifically mention any arguments or facts asserted by Plaintiff, said fact "does not on its own entail that the court overlooked the matter in its initial consideration." *Morton*, 2011 U.S. Dist. LEXIS 85805, at *19 (citing *Ashton*, 2006 U.S. Dist. LEXIS 4787, at *4–5). Rather, the Court fully considered same in forming its June 21, 2018 Opinion, and decided these facts and arguments were not sufficient for Plaintiff to survive summary judgment in light of the other evidence in the record. (*See generally* ECF No. 65). Instead of pointing to contradictory evidence that the Court may have overlooked, Plaintiff relies on his previous arguments "merely to disagree with or relitigate the court's initial decision," which is not enough to carry its burden on a motion for reconsideration. *CPS MedManagement LLC*, 940 F. Supp. 2d at 167–68. Accordingly, the Court must deny Plaintiff's Motion for Reconsideration.

## IV. <u>CONCLUSION</u>

Based on the aforementioned reasons, the Court hereby denies Plaintiff's Motion for Reconsideration. An appropriate Order follows this Opinion.

Dated: September 1st, 2018.

_____
JOSE L. LINARES
Chief Judge, United States District Judge